ROBERTSON, Justice:
Lavarry Fitzgerald was indicted, tried and convicted in the Circuit Court of the First Judicial Distiict of Hinds County, Mississippi, of the crime of armed robbery. He was sentenced to 25 years in the State Penitentiary.
About 9:00 P.M., May 19, 1971, the appellant and two other black males entered Roger’s Package Liquor Store at 907 Terry Road, Jackson, Mississippi. The appellant purchased a pint of wine and, as he paid for his purchase with his left hand, he pulled a pistol on E. M. Durham, who had waited on him, with his right hand. While appellant and another robber kept their pistols on Durham, the third robber emptied the cash register of about $1275.00. Appellant then made Durham go to a back room, and when the phone rang all three fled from the store. Durham called the police. The police questioned appellant that night but did not arrest nor confine him.
On May 23, 1971, shortly before midnight, Covington and Malone, the two policemen who had been assigned the investigation, arrested appellant as he sat in his mother’s car in front of his home. They also arrested Gregory Miller, Clyde Hill and Henry Lee Washington at that time, and carried all of them to police headquarters. About 2:30 A.M. on May 24, 1971, after having his Miranda rights explained to him, the appellant confessed. His statement was typed and he signed the written waiver and then his confession. Covington and Malone signed both the waiver and the confession as witnesses.
In his confession, appellant admitted the robbery and then dividing up the money, with each participant getting $355.00.
Appellant contends in his assignment of error that: (1) “The trial court erred in failing to properly conduct a preliminary hearing ... to determine the volun-tariness of the alleged confession,” and (2) “The trial court erred in overruling the Motion to Suppress and in admitting the alleged confession into evidence contrary to the overwhelming weight of the evidence.”
*391 During the trial when the confession was brought up, the court excused the jury and conducted the preliminary hearing. Police Officers Covington and Malone, and Detective Lt. J. t. Black, being all the officers present when the confession was made, testified that appellant’s Miranda rights were carefully read and explained to him; that he was asked if he understood his rights and after indicating that he did, he freely and voluntarily confessed. Each testified that no promises were made to the appellant and no “coercion, force or pressure” was used. Officer Covington testified that appellant did not request any food nor did he request a lawyer. The only thing appellant asked for was a cigarette, and they promptly gave him one.
The appellant testified at the preliminary hearing out of the presence of the jury that when Covington and Malone' arrested them shortly before midnight on May 23rd that one of the officers, whom appellant did not identify, said:
“He said, ‘You know what we got you all for.’ I said, ‘I’d like for you all to tell me what you all are arresting me for.’ He said, ‘You know.’ He said, ‘We’re going to beat you all’ — I don’t like to say it in the courtroom — he said, ‘Going to beat you all if you don’t tell us.’ So I said, T don’t know anything’ so they said, ‘Where is Henry B. Watson?’ I said, ‘He is up there at my wife’s house.’ They said, ‘Don’t say nothing — we’ll get him too.’ He said, ‘You go up there and get Henry B. Watson and I’ll drive Fitzgerald’s car on up to the station.’ So they brought it on up to the station. They started at the Police Station. ‘Fitzgerald, if you tell me I’m going to help you. My boss, we’re going to talk to the Judge and your attorney and we’re going to help you.’ He said, ‘Whose gun is this now?’ I told him it was Clyde Hill’s gun. So he asked me would I sign a statement that was Clyde Hill’s gun, and I said, ‘Yes, sir.’ So he brought that piece of paper there and I signed it.”
Defense counsel himself asked appellant:
“Q Were you scared when they arrested you this particular night ?”
and the appellant answered:
“A No, sir, I wasn’t scared.”
At 2:30 A.M., two and one-half hours later, and while at police headquarters, appellant signed this waiver:
“I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.” (Emphasis added).
He then signed his confession.
The trial judge found that the confession was freely and voluntarily given and admitted it into evidence without requiring the prosecuting attorney to again put the three police officers back on the stand to deny that any threat or promise was made.
When the appellant was put on the stand in his own defense, he testified on cross-examination that his rights were read to him, that he had signed the waiver and confession freely and voluntarily but he stated that he thought he was signing a statement that it was Clyde Hill’s gun and not his.
The fact that the police officers were not put back on the stand to deny the threat that appellant testified one of them made, has caused us some concern. However, we have reached the conclusion that if this were error it was harmless error. The so-called threat was made before mid *392 night on Minerva Street; no confession or incriminating statement was made at that time. Some two and a half hours later, while at police headquarters and after his Miranda rights had been fully and carefully explained to him, he gave his confession. In fact, before signing his confession, he signed a written waiver that stated, among other things: "No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.” (Emphasis added).
During the preliminary hearing to determine the voluntariness of his confession, he answered that he was not scared at the time of his arrest.
Appellant also admitted when he took the stand in his own defense that his rights were fully explained to him, and that he made his statement freely and voluntarily. His only explanation was that he thought he was signing a statement that it was Clyde Hill’s gun.
Mr. Durham, the only employee of Roger’s Package Store on the night of the robbery, testified that he got a good look at the appellant and he identified him positively and unequivocally as the man who pulled a pistol on him and held him up. Clyde Hill also testified of appellant’s part in the robbery.
For the reasons stated, the judgment of the trial court is affirmed.
Affirmed.
RODGERS, P. J., and INZER, WALKER and BROOM, JJ., concur.